UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81155-CIV-ZLOCH

FASTSIGNS INTERNATIONAL,
INC.,

       Petitioner,

vs.                                              **FINAL ORDER OF DISMISSAL**

JOSEPH JOHN CIFRODELLA, LJC
MARKETING, INC., and LYNN
RENEE GABAY,

       Respondents.
_____/

    THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed Petitioner Fastsigns International, Inc.'s Petition To Confirm Arbitration Award (DE 1), the entire court file and is otherwise fully advised in the premises.

    Petitioner filed the instant Petition pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.  However, Section 9 is not an independent source of federal subject matter jurisdiction.  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997) ("As courts have long held, however, the FAA does not confer subject matter jurisdiction on federal courts.").  A federal district court must have an independent jurisdictional basis before issuing an order to enforce an arbitration award.  Id.  Thus, Petitioner claims that the Court's jurisdiction in this matter is premised upon diversity jurisdiction, under 28 U.S.C. § 1332.

Section 1332 provides that where a complaint alleges diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." The dictates of § 1332 keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. As Justice Stone stated in reference to § 1332 in Healy v. Ratta, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

These dictates stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3602

(1984 & Supp. 2007).

A review of the Petition (DE 1) reveals that the requisite amount in controversy as to Petitioner and Respondents is not apparent on its face.  The Petition states, in relevant part:

> ¶ 9.  The Award ordered Respondents to pay Petitioner $73,636.90 comprising damages in the amount of $71,386.90 and the administrative fees of the American Arbitration Association and Arbitrator's compensation in the amount of $2,250, and post-award interest. . . .

> ¶ 12. WHEREFORE, Petitioner FASTSIGNS International, Inc. requests:

> a) Confirmation of the Arbitration Award;. . .

> f) Entry of a money judgment in favor of petitioner, FASTSIGNS International, Inc. and against Respondents Joseph John Cifrodella, LJC Marketing, Inc. and Lynn Renee Gabay in the amount of $73,636.90, plus interest of 5% per annum from July 31, 2009.

The Petition fails to allege the $75,000.00 requisite amount in controversy to satisfy § 1332.  Nowhere in the record does it state an amount in controversy sufficient to satisfy the statute.  See DE 1, Ex. D.  Therefore, because Petitioner has failed to allege a sufficient amount in controversy, it has not met the initial burden of establishing this Court's jurisdiction over the above-styled cause.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  The above-styled cause be and the same is hereby **DISMISSED**

3

without prejudice in that the Court lacks subject matter jurisdiction over the same; and

2. To the extent not otherwise disposed of herein, all pending Motions be and the same are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____14th____ day of August, 2009.


WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

4